HARUTA & CO., INC. *v.* UNITED STATES

No. 4445.—Invoice dated Nagoya, Japan, January 23, 1936.
Entered at New York February 29, 1936.
Entry No. 25264.

(Decided November 14, 1938)

*Siegel & Mandell* (*Sidney Mandell* of counsel) for the plaintiff.
*Webster J. Oliver*, Assistant Attorney General (*Samuel D. Spector*, special attorney), for the defendant.

SULLIVAN, Judge: The subject of this reappraisement is certain Japanese Glassware, items 8690 to 8696, inclusive. The invoice was certified at Nagoya, Japan, on January 23, 1936. The invoiced and entered values of the merchandise are the same. On appraise- ment the items were advanced in value approximately 45 per centum.

The only evidence in this case was introduced by the plaintiff and received in evidence as Exhibit 1. It consists of the affidavit of Kikujiro Ono, the owner of the Ono Glass Factory of Osaka, Japan, the exporter of this merchandise. It was subscribed and sworn to at Kobe, Japan, before the United States vice consul, on June 17, 1938.

Mr. Ono deposes and says, among other things:

That I am personally familiar with transactions of purchase and sale of glass- ware from our firm to all our customers. That we are engaged in the sale of glass- ware in the usual wholesale quantities and in the ordinary course of trade through- out Japan as well as for export to foreign countries including the United States.

I further swear under oath that the prices sold to Taiyo Shoko Kaisha, Ltd., of Nagoya, Japan on January 10th, 1936, and appearing on their invoice to Haruta & Co. Inc., of New York, and consulated at Nagoya, January 23rd, 1936, and which invoice covers certain described glassware by name and by number as follow, represent the true market value of these particular described glasses in Japan at the time of exportation and we were and are prepared and willing to sell in the usual wholesale quantities and in the ordinary course of trade, the identical de- scribed glassware at the prices at which they were sold to Taiyo Shoko Kaisha, Ltd., of Nagoya, Japan, and shipped to Haruta & Co. Inc., of New York.

Then follows a list of the items, bearing the same item numbers as those now under reappraisement.

He further states that the usual wholesale quantities for sale in Japan or for export were case lots.

He attaches to his affidavit what be terms "copies of sales of identi- cal merchandise as that sold to Taiyo Shoko Kaisha, Ltd., of Nagoya, Japan."

Two of these are invoices of glassware bearing the same item num- bers and invoice prices as those in question to Taiyo Shoko Kaisha,

Ltd., dated respectively January 14 and 15, 1936; and four to K. Owariya & Co., bearing different item numbers and prices from those on the invoice under reappraisement.

This affidavit is not the best evidence, but there is no other, and the Government has not rebutted it. It is *prima facie* evidence that the invoiced and entered values in this case are correct. They are therefore sustained.

Judgment accordingly.